JUDGE ABRAMS

NORTHERN MANHATTAN IMPROVEMENT
   CORPORATION
Attorneys for Plaintiff
By: James M. Baker
76 Wadsworth Ave.
New York, N.Y. 10033
Tel.: 212-822-8347
Fax.: 212-740-9645



13 CV 8320

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VENITH THOMAS,

        Plaintiff,

  - against -

MARK M. ALTSCHUL and ALTSCHUL
& ALTSCHUL,

        Defendants.

---

COMPLAINT

13 Civ.

PLAINTIFF DEMANDS
TRIAL BY JURY

RECEIVED NOV 21 2013 U.S.D.C. S.D.N.Y.

    Plaintiff, Venith Thomas ("Plaintiff" or "Thomas"), by her attorneys, Northern Manhattan Improvement Corporation, for her complaint against the defendants, Mark M. Altschul ("Altschul") and Altschul & Altschul ("A&A"), alleges, upon information and belief, as follows:

### INTRODUCTION

    1. This is an action for actual damages, statutory damages, and punitive damages based upon defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, the New York Consumer Protection Act, N.Y. Gen. Bus. L. § 349 ("§ 349"), which prohibits deceptive acts and practices in the conduct of any

business, and New York Judiciary Law § 487 ("§ 487"), which prohibits attorneys from engaging in acts of deceit or collusion with intent to deceive the court or any party. The gravamen of the complaint is that defendants, while attempting to collect a debt from plaintiff, added unlawful charges to, and otherwise inflated the amount of, a state court judgment against plaintiff, and caused plaintiff's wages to be garnished in that inflated amount. In addition, defendants violated the FDCPA by refusing repeated requests from plaintiff's attorney to correct the erroneous judgment, forcing plaintiff unnecessarily to seek redress in state court.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of plaintiff's federal claims under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and of her state claims under 28 U.S.C. § 1367.

3. Venue is properly laid within the Southern District of New York in that plaintiff resides within the district, the defendants regularly transact business within the district, and the conduct complained of occurred within the district.

## PARTIES

4. Plaintiff is a natural person who resides in New York County, New York. She is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

5. Defendant, Mark M. Altschul, is an attorney licensed to practice law in New York State and a partner in the law firm of Altschul & Altschul.

6. Altschul & Altschul is a law firm organized as a

partnership under New York law. Its principal place of business is at 18 East 12th Street, New York, N.Y. 10003.

7. Altschul and A&A are "debt collectors" as defined by 15 U.S.C. § 1692a(6) in that they regularly collect or attempt to collect debts owed to third parties.

### FACTUAL ALLEGATIONS

#### Background

8. For approximately 15 years prior to September 2012, plaintiff resided at 130 West 142nd Street, Apt. 4A, New York, N.Y. 10003.

9. On or about May, 2010, plaintiff's landlord, West 142nd Street Associates L.P. ("landlord"), brought an eviction proceeding against plaintiff in New York City Civil Court entitled West 142nd Street Associates L.P. v. Venith Thomas et al. (Civ. Ct. N.Y. Co., L&T Index No. 67625/10). The petition alleged that plaintiff had held over beyond the expiration of her lease term and was delinquent in paying the rent. The landlord was represented by the firm of Amsterdam & Lewinter, LLP.

10. The eviction case remained active until November 30, 2011. Plaintiff initially appeared pro se. On February 14, 2011, plaintiff entered into a stipulation with the landlord in which she agreed that she owed the landlord $18,299.68 and consented to a judgment in that amount reflecting all rent due through February 2011. The stipulation stayed execution of the warrant of eviction through March 31, 2011 to allow plaintiff to make payment of all rent due. A judgment in the amount of $18,299.68 was entered against plaintiff, also on February 14,

2011.

11. Between February 14, 2011 and November 30, 2011, plaintiff filed a series of orders to show cause seeking to delay her eviction while she sought to come up with the missing rent. She was represented by counsel on and after April 25, 2011.

12. On November 30, 2011, the parties entered into a final stipulation bringing an end to the eviction proceeding. Plaintiff was restored to her tenancy on condition that she pay rent prospectively, i.e., rent due for months after November 2011. It was further agreed that plaintiff owed $5,566.68 for prior months, and that the landlord was to retain a non-possessory judgment for this amount, i.e., a judgment which the landlord could employ legal judicial enforcement methods to collect, but which could not form a legal basis for plaintiff's eviction. The judgment amount of $5,566.68 was arrived at essentially by adding rent due for the period March 2011 through November 2011 to the original $18,299.68 judgment, and subtracting payments made by plaintiff through November 30, 2011.

13. On or about August 1, 2012, plaintiff's landlord brought a second eviction proceeding against plaintiff in New York City Civil Court entitled West 142nd Street Associates L.P. v. Venith Thomas et al. (Civ. Ct. N.Y. Co., L&T Index No. 74722/12). The petition alleged that plaintiff had held over beyond the expiration of her lease term and was delinquent in an unspecified amount of rent. The landlord was again represented by the firm of Amsterdam & Lewinter, LLP.

14. On September 13, 2012, the parties entered into a

stipulation bringing an end to the second eviction proceeding. Plaintiff acknowledged that she had moved out of the apartment, effective September 13, 2012, and relinquished all rights to her tenancy. The proceeding was discontinued without prejudice to the landlord's right to bring suit against plaintiff for any unpaid rent in a separate plenary proceeding.

15. The landlord has never brought suit against plaintiff to seek recovery of rents due for periods after November 30, 2011.

### Allegations Concerning Defendants

16. At some point subsequent to November 30, 2011, plaintiff's landlord and/or the firm of Amsterdam & Lewinter, LLP referred the landlord's claims against plaintiff to defendants for collection.

17. On or about November 20, 2012, defendants prepared an income execution against plaintiff to enforce the non-possessory judgment the landlord was permitted to enforce under the November 30, 2011 stipulation. The said income execution stated that the amount due on the judgment was not $5,566.68 but $9,430.45.

18. The said statement was inaccurate.

19. Defendants knowingly and intentionally added to the amount of the judgment the money the landlord claimed it was entitled to for periods after November 30, 2011.

20. Defendants filed the said income execution with New York City Marshal Solimine on November 28, 2012.

21. Marshal Solimine served the income execution on plaintiff on or about November 29, 2012, and on plaintiff's

employer, the New York City Department of Corrections, in January 2013. The employer began withholding and paying to the marshal 10% of plaintiff's gross bi-weekly earnings effective January 13, 2013.

22. Beginning on March 5, 2013, attorneys representing plaintiff communicated with A&A to express concern about the apparently mistaken amount of the judgment. Plaintiff's attorneys wrote 3 letters seeking clarification of the judgment amount and made at least 4 telephone calls. In the final letter faxed to A&A on July 10, 2013, plaintiff's attorneys warned that they would advise plaintiff to sue defendants under the FDCPA if defendants, by doing nothing, obliged plaintiff to seek relief in state court to correct the apparently mistaken judgment amount.

23. Defendants never made any response to the requests of plaintiff's attorneys except that on April 29, 2013 an A&A employee stated to plaintiff's attorney that she would e-mail him a document showing the correct balance of plaintiff's account. No further communication from A&A was ever received.

24. On September 27, 2013, plaintiff filed an application in New York City Civil Court seeking to vacate the judgment in the first eviction proceeding with leave to the landlord to re-enter judgment in the correct amount less all amounts garnished from plaintiff's wages.

25. Defendants, without filing any opposition to plaintiff's motion, signed a stipulation in the first eviction proceeding on October 15, 2013, which acknowledged that plaintiff owed $4,216.36 as of September 4, 2013. This figure represented

the original and correct judgment amount of $5,566.68, plus interest since November 30, 2012, less amounts garnished from plaintiff's wages.

26. The aforesaid actions and omissions of defendants have caused plaintiff to sustain actual damages including monies improperly garnished, out-of-pocket expenses to attend court and consult her attorneys, and emotional and mental pain and anguish, embarrassment, and humiliation.

27. Plaintiff also claims as actual damages the reasonable value of her attorney's time and labor to correct the amount of the judgment in state court.

FIRST CLAIM FOR RELIEF

(FDCPA)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "27" of this complaint as if fully set forth herein.

29. By unlawfully and improperly inflating the amount of the judgment against plaintiff, as described above, defendants violated the FDCPA in that (a) they engaged in conduct the natural consequence of which was to harass, oppress, and abuse plaintiff (15 U.S.C. § 1692d), (b) they used false, deceptive and misleading representations or means in connection with the collection of a debt (15 U.S.C. § 1692e), and (c) they used unfair or unconscionable means to collect a debt (15 U.S.C. § 1692f).

30. By refusing to correct the improperly and unlawfully inflated judgment at plaintiff's request, and by forcing

plaintiff to bring an entirely unnecessary court proceeding in order to correct the said judgment, defendants violated the FDCPA in that (a) they engaged in conduct the natural consequence of which was to harass, oppress, and abuse plaintiff (15 U.S.C. § 1692d) and (b) they used unfair or unconscionable means to collect a debt (15 U.S.C. § 1692f).

SECOND CLAIM FOR RELIEF

(N.Y. Consumer Protection Act)

31. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "27" of this complaint as if fully set forth herein.

32. By unlawfully and improperly inflating the amount of the judgment against plaintiff, as described above, defendants engaged in deceptive acts or practices in the conduct of a business, in violation of § 349.

THIRD CLAIM FOR RELIEF

(N.Y. Judiciary Law § 487)

33. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "27" of this complaint as if fully set forth herein.

34. By unlawfully and improperly inflating the amount of the judgment against plaintiff, as described above, defendants have engaged in acts of deceit or collusion with intent to deceive a court or other party, in violation of § 487.

WHEREFORE, plaintiff demands judgment against defendants for

A. Actual damages under the FDCPA, § 349, and § 487;

B. Statutory damages pursuant to 15 U.S.C. § 1692k and §

349;

    C.   Treble damages under § 349 and § 487;

    D.   Punitive damages under § 349 and § 487;

    E.   Costs and reasonable attorney's fees under 15 U.S.C. § 1692k and § 349; and

    F.   Such other and further relief as to the Court may appear just and proper.

DATED:   New York, New York  
           November 20, 2013

                                  NORTHERN MANHATTAN IMPROVEMENT  
                                      CORPORATION  
                                  Attorneys for Plaintiff

By:    _____  
           James M. Baker  
           76 Wadsworth Ave  
           New York, New York   10033  
           212-822-8347