NORTHERN MANHATTAN IMPROVEMENT
    CORPORATION
Attorneys for Plaintiff
By: James M. Baker
76 Wadsworth Ave.
New York, N.Y.  10033
jbaker623@aol.com
Tel.:  212-822-8347
Fax.:  212-740-9645

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| VENITH THOMAS, | |
| Plaintiff, | PLAINTIFF'S INTERROGATORIES TO DEFENDANTS AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| - against - | |
| MARK M. ALTSCHUL and ALTSCHUL & ALTSCHUL, | 13 Civ. 8320 (RA) (AJP) |
| Defendants. | |

_____

Plaintiff, Venith Thomas, by her attorneys, Northern Manhattan Improvement Corporation, pursuant to Rule 33(a) of the Federal Rules of Civil Procedure ("F.R.C.P."), hereby requests that defendants, MARK M. ALTSCHUL and ALTSCHUL & ALTSCHUL, answer, under oath, the following interrogatories, and, pursuant to Rule 34, F.R.C.P., requests that defendants produce the following documents:  Defendants' responses are required to be filed within 30 days of the filing of these requests.

1

Instructions and Definitions

The provisions of Local Civil Rule 26.3 on "Uniform Definitions in Discovery Requests" govern these requests. Specifically, without limitation, the following definitions apply:

1. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. Document. The term document is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A), F.R.C.P. A draft or non-identical copy is a separate document within the meaning of this term.

3. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requresting the identification of that person.

4. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of

the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33(d) of the Federal Rules of Civil Procedure.

    5. *Parties*. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    In addition, if a document that would otherwise be responsive to these requests no longer exists or cannot be located, then, in addition to identifying the document, state how and when it ceased to exist, or when it could no longer be located, state the reasons for its disappearance, identify all persons having knowledge of its disposition or loss, and identify all documents concerning the disappearance or loss of such documents.

    The provisions of Local Civil Rule 26.2 on "Assertion of Claim of Privilege" also govern these requests, such that, whenever defendants assert a claim of privilege in response to these requests, they must provide the information required by that rule.

Interrogatories

1. Identify all persons who you believe have knowledge of the relevant facts and provide a brief description of the issues about which they have knowledge.

2. Without limiting the scope of Interrogatory Number 1, identify all persons who you believe have knowledge of communications between plaintiff and defendants at any time between November 30, 2011 and November 21, 2013.

3. Without limiting the scope of Interrogatory Number 1, identify all persons who you believe have knowledge of communications between plaintiff's attorneys and defendants at any time between November 30, 2011 and November 21, 2013.

4. Without limiting the scope of Interrogatory Number 1, identify all persons who you believe have knowledge of defendants' representation of West 142nd Street Associates L.P. ("West") in connection with the collection of any debt allegedly owed by plaintiff, including all persons employed by, or in any way affiliated with, West.

5. Without limiting the scope of Interrogatory Number 1, identify all persons who you believe have knowledge of the preparation of the income execution against plaintiff dated November 20, 2012 and filed by defendants with the office of New York City Marshall Solimine on or about November 28, 2012.

6. Without limiting the scope of Interrogatory Number 1,

identify all persons, including all persons employed by or in any way affiliated with West, who you believe have knowledge of the claim, asserted in paragraph 11 of defendants' answer in this case, that defendants "exercised due care and relied upon the representations of their client in the matter."

7. Identify all persons who participated in responding to these discovery requests or who provided any information used in responding to these discovery requests.

### Requests for Production of Documents

1. Please produce all documents (as defined above and in Rule 34(a)(1)(A), F.R.C.P., including electronically stored information) showing, for the time period between November 30, 2011 and November 21, 2013, the communication of any person or entity regarding plaintiff or the debt or debts allegedly owed by plaintiff to West.  These documents include, without limitation, any documents showing (a) communications between defendants and plaintiff, (b) communications between defendants and plaintiff's attorneys, (c) internal office communications between or among defendants, including their officers, directors, employees, partners, corporate parents, subsidiaries or affiliates, (d) communications between defendants and West, its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates, and (e) communications between defendants and Amsterdam & Lewinter, LLP, its officers, directors, employees,

5

partners, corporate parents, subsidiaries or affiliates.

2.  Please produce defendants' complete file on plaintiff, including case notes and collection notes, and any documents reflecting telephone calls made to or received from plaintiff.

3.  Please produce any contracts between defendants and West regarding defendants' legal representation of West in matters concerning plaintiff between November 30, 2011 and November 21, 2013.

4.  Please produce all billing records regarding defendants' legal representation of West in matters concerning plaintiff between November 30, 2011 and November 21, 2013.

5.  Please produce all documents in any way related to the claim, asserted in paragraph 11 of defendants' answer in this case, that defendants "exercised due care and relied upon the representations of their client in the matter."

6.  Please produce all documents in any way related to defendants' claim, asserted in paragraph 7 of defendants' answer in this case, that defendants are not "debt collectors" as defined by 15 U.S.C. § 1692a(6).

7.  Please produce all documents on which defendants relied or to which defendants referred in answering these requests or in preparing defendants' answer.

Dated:  New York, N.Y.
        July 11, 2014

```
                    NORTHERN MANHATTAN IMPROVEMENT
                       CORPORATION
                    Attorneys for Plaintiff



            By:     _____
                        James M. Baker
                    76 Wadsworth Ave
                    New York, New York  10033
                    jbaker623@aol.com
                    212-822-8347
```